UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PLUNKETT, | : |
| | : |
|     Petitioner | : |
| | : |
|     v. | :   CIVIL NO. 3:CV-05-1382 |
| | : |
| JOSEPH V. SMITH, | :   (Judge Kosik) |
| | : |
|     Respondent | : |

## M E M O R A N D U M

### Introduction

Joseph Plunkett, an inmate currently confined at the United States Penitentiary at Lewisburg, Pennsylvania, initiated this habeas corpus petition pursuant to 28 U.S.C. § 2241. Along with his petition he submitted a motion seeking leave to proceed in forma pauperis in this matter. On July 19, 2005, an Order was issued granting Plunkett's motion and directing service of the petition. (Doc. 4.) On September 13, 2005, the court issued an Order directing Respondent to show cause why no response to the petition had been filed. (Doc. 5.) On September 21, 2005, Petitioner filed a motion for summary judgment on all claims due to Respondent's failure to file a timely response to his petition. (Doc. 6.) On September 28, 2005, a response to the court's Show Cause Order was submitted by Respondent along with a response to the habeas corpus petition. (Doc. 7.) Respondent states that a response to the original service order was never submitted because Respondent did not recall either having

ever received electronic notification of the action or being personally served with the petition. (Doc. 7, Resp. at 8-10.)  Because there is no evidence that Respondent's failure to respond to the petition was premised upon bad faith and because no prejudice resulted to Petitioner as a result of the response being submitted several weeks late, Petitioner's pending motion for summary judgment will be denied.

In the petition Plunkett challenges the Bureau of Prisons' computation of his sentence, arguing that the BOP improperly pushed back his mandatory release date from October 29, 2003, to December 31, 2006.  The petition is ripe for consideration and for the following reasons will be dismissed for failure to exhaust administrative remedies.

**Background**

Pursuant to the record before the court, the following history has been extracted. Plunkett is a District of Columbia inmate presently confined at USP-Lewisburg.  On October 23, 1984 he was sentenced by the Superior Court for the District of Columbia to a term of six (6) to eighteen (18) years for Armed Robbery and a second consecutive term of one year for Attempted Burglary. (Doc. 7, Ex. 1, Booth Decl. ¶ 3 and pp. 8-9.)  The nineteen (19) year aggregate sentence resulted in a mandatory release date of November 15, 1996, and a full term date of February 12, 2003.  (Id., ¶ 4 and p. 10.)   Plunkett was thereafter committed to the D.C. Department of Corrections for service of his sentences.

Plunkett remained in custody on this sentence until February 9, 1990 at which time he was released on parole.  (Id., ¶ 5.)  (At the time of parole there was a total of 4,751 days remaining to be served on the aggregate 19 year sentence.)  However, this parole was

subsequently revoked as a result of new criminal conduct on the part of Plunkett.

On June 11, 1991, Plunkett began service of his first parole violator term. The D.C. Board of Parole granted him 487 days of street time credit.[1] Plunkett's sentence was thereafter recalculated to withdraw all street time previously awarded. (Id., Ex. 1, ¶ 6, pp. 14-15.)

At the time of Plunkett's release on parole on February 9, 1990, his parole violation term consisted of 4,751 days remaining to be served. This parole violation term, which began June 11, 1991, would have expired by full term expiration on June 12, 2004.

Plunkett remained in service of the 4,751 day parole violation term until September 15, 1992, when he was again released on parole. At the time of this release he had 4,288 days remaining to be served to the full term expiration date of June 12, 2004. (Id. ¶ 6.) However, on September 22, 1994, his parole was again revoked pursuant to a warrant issued by the D.C. Board of Parole on May 16, 1994, for parole violations.

Plunkett's parole violator term of 4,288 days would have expired full term on June 18, 2006. At the time of revocation, the D.C. Board of Parole also granted re-parole for December 13, 1994. (Id.) From the date of parole, December 13, 1994, to the full term expiration date, June 18, 2006, a total of 4,205 days remained to be served.

On September 10, 1996, the D.C. Board of Parole issued an arrest warrant after Plunkett again violated parole. He was taken into custody on the warrant on December 3,

---

[1] However subsequent to Plunkett's commitment for his current parole violation, this street time credit was removed pursuant to the principles set forth in U.S. Parole Comm. v. Noble, 711 A.2d 85 (1998), and BOP Program Statement 5880.32.

1996.  (Id. ¶ 7, pp. 12, 16-17.)  He was granted 586 days of street time credit on this violation but again, upon his subsequent commitment for his current parole violation, the street time credit was removed and his sentence recalculated to withdraw all street time credit previously awarded.

On December 3, 1996, Plunkett began service of the 4,205 days that remained to be served as of the date of his parole.  (Id. ¶ 8.)  The full term expiration date on the 4,205 days would have expired on June 7, 2008.  (Id.)

Plunkett was yet again paroled on January 27, 2000.  The days remaining to be served until the full term expiration date of June 7, 2008 was 3,053.  This calculation reflected the adjustment for the withdrawal of street time credit.

On February 5, 2001, Plunkett was arrested for parole violations.  (Id. ¶ 9.)  On May 25, 2001, the United States Parole Commission revoked his parole and ordered Plunkett continued to expiration of his sentence.  (Id. ¶ 9, p. 21.)  His current release date is December 31, 2006, which is based upon a parole violator term of 3,053 days (the number of days which remained to be served as of the date of his release on parole on January 27, 2000).  The total statutory good time awarded on the 3,053 day term is 802 days.

On February 5, 2004, Plunkett lost 60 days of statutory good time following a disciplinary hearing finding him guilty of violating an institution rule, specifically "Assault Without Serious Injury."  As a result, his projected release date is March 1, 2007.

In the instant petition, Plunkett challenges the BOP's computation of his sentence in so far as his mandatory release date having been pushed back from October 29, 2003 to

4

December 31, 2006. He also appears to contest the forfeiting of his good time which resulted in a change to his mandatory release date.

**Discussion**

Respondent first contends that the petition is subject to dismissal based upon Plunkett's failure to exhaust required administrative remedies. It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994). First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a). Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar

days of the date on which the basis of the complaint occurred." Id., at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office) within thirty (30) calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty (30) days to respond, and the General Counsel has forty (40) days to respond. See id., at § 542.18.

In the instant case Respondent submits the declaration of L. Cunningham, Supervisory Attorney at USP-Lewisburg, which states that a review of the BOP's SENTRY records reveals that Plunkett has not exhausted his available administrative remedies with regard to his sentence computation challenge. Plunkett has filed only 5 requests during his incarceration with the BOP. On October 11, 2002, while housed at FCI-McKean he filed a request alleging incorrect sentence computation which was denied on October 24, 2002. While he appealed the denial to the Regional Office, it was denied there for failure to submit the proper attachment. The appeal was properly re-submitted and denied on November 11, 2002. Plunkett never filed an appeal to the final level of review - - the Central Office. (Doc. 7, Ex. 2, Cunningham Decl., ¶5.)

While still confined at FCI-McKean, Plunkett filed another administrative remedy requesting the recalculation of good time credit. The request was denied on June 8, 2004. An appeal was filed to the Regional Office, which was subsequently denied on July 13, 2004. No further appeal was taken to the Central Office. (Id. at ¶ 6.) He has filed no requests for

6

administrative remedy while confined at USP-Lewisburg. Plunkett has not submitted a traverse to the response contesting these submissions by Respondent regarding exhaustion. As such, it is clear that the instant petition must be dismissed for failure to exhaust administrative remedies.[2] An appropriate Order follows.

---

[2] Because the court finds that Plunkett has failed to exhaust his administrative remedies, Respondent's alternative arguments will not be addressed in depth. However, it does appear from Respondent's recent submission that Plunkett has indeed raised this exact claim in the Western District of Pennsylvania and the matter was also dismissed there based upon the failure to exhaust administrative remedies.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PLUNKETT, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-05-1382
:
JOSEPH V. SMITH, : (Judge Kosik)
:
    Respondent :

# O R D E R

**NOW, THIS 21st DAY OF OCTOBER, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Summary Judgment (Doc. 6) is **denied**.

2. The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies.

3. The Clerk of Court is directed to close this case.

                                                s/Edwin M. Kosik
                                                United States District Judge